FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

00 SEP -6 AM 9: 45

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CHARLES E. SULIER, et al.,

    Plaintiffs,

vs.                                        CASE NO. 3:97-cv-955-J-10C

DUVAL COUNTY SCHOOL BOARD,
et al.,

    Defendants.

## SECOND REPORT AND RECOMMENDATION[1]

This case is before the undersigned on referral from the District Judge regarding Plaintiffs' Motion for Award of Attorneys' Fees Accrued From January 22, 2000 (Doc. #94). Defendants have filed a response in opposition (Doc. #95) and the Court held an evidentiary hearing and oral argument on August 23, 2000.

On May 30, 2000, the District Judge adopted the previous Report and Recommendation of the undersigned, granted Plaintiffs' Motion for Attorneys' Fees and directed entry of a supplemental judgment for attorneys' fees in the stipulated amount of Forty-Four Thousand Five Hundred Ninety-Four and 77/100 Dollars ($44,594.77) (Doc. #91). The Clerk entered judgment in that amount (Doc. #92). Plaintiffs have now timely filed the instant motion, which they characterize as a motion under Rule 59(e), Fed.R.Civ.P., to

---

[1]Any party may file and serve objections hereto within **TEN (10) DAYS** after service of this opinion. Failure to do so shall bar the party from a <u>de</u> <u>novo</u> determination by a district judge of an issue covered herein and from attacking factual findings on appeal. <u>See</u> 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

amend the supplemental judgment to add an award for attorneys' fees incurred in litigating the attorneys' fee issue. The procedural posture of the case was clouded by defendants' filing of a notice of appeal of the supplemental judgment. However, defendants have now dismissed the appeal (Doc. #101). Therefore, this Court is now able to entertain without impediment the Rule 59(e) motion.

By affidavit filed at the August 23, 2000 hearing (plaintiffs' Exhibit A, attached to Doc. 100), entitled "Hearing Exhibit on Attorneys' Fees January 22, 2000 Through August 23, 2000," plaintiffs seek an additional attorneys' fee award of 31.5 hours at $250.00 per hour for a total award of $7,875.00. This would, of course, be in addition to the $44,594.77 already awarded to plaintiffs in the Court's original supplemental judgment.

Generally, time expended by a prevailing party's counsel to litigate the party's entitlement to and amount of fees is compensable. See, e.g., Jonas v. Stack, 758 F.2d 567, 569-70 (11th Cir. 1985); McKelvy v. Metal Container Corp., 125 F.R.D. 179, 184 (M.D.Fla. 1989). Cf. Lang v. Reedy Creek Improvement District, No. 94-693CIVORL 3ABF (17), 1997 WL 809200 *6 (M.D. Fla. Dec. 23, 1997) ($80,579.50 for time spent on fee petition was not reasonable). Relying on the Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424, 436 (1983), defendants contend that because plaintiffs achieved "only partial or limited success" in the litigation and because plaintiffs have already been amply compensated by the Court's original attorneys' fee award, the Court should outright deny plaintiffs any further fees for litigating the attorneys' fee issue.

While the Eleventh Circuit has not yet decided whether a district court abuses its discretion when it denies grossly inflated fee applications outright, Andrews v. United States,

122 F.3d 1367, 1375 (11th Cir. 1997), there is persuasive authority that the Court has "discretion to deny a plaintiff's second fee request in its entirety if the initial fee claims are exorbitant or the time devoted to presenting them is unnecessarily high." Video Software Dealers Assoc. v. Webster, 817 F.Supp. 808, 810 (W.D.Mo. 1993). See also, Loranger v. Stierheim, 10 F.3d 776, 777 n. 8 (11th Cir. 1994) (noting that First, Fourth, and Seventh Circuits have approved denial of fee requests in their entirety when request was outrageously unreasonable). However, this principle does not apply here. First, the fee cutoff date of January 21, 2000, reflected in the Court's original supplemental judgment only came about because the parties stipulated that this would be the cutoff date (Doc. #76). That stipulation further provided that "agreement on the amount of plaintiffs' fees and costs [through January 21, 2000] does not affect . . . the right of the plaintiffs to claim additional fees and costs arising after January 21, 2000" (Doc. #76) (emphasis added).[2] Thus, the stipulation of the parties envisioned that plaintiffs could seek post-January 21, 2000 fees for litigating the attorneys' fee issue. Additionally, because the amount of the Court's original fee award was stipulated, the Court had no need to consider its reasonableness. Indeed, in the undersigned's original Report and Recommendation (Doc. #89), adopted by the District Judge, the undersigned disclaimed any need to analyze the reasonableness of the fees because of the parties' stipulation. (Id. at 22). Therefore, there is no basis now for the

---

[2]The stipulation further provided that defendants could continue to contest entitlement to fees (which issue has now been decided by the Court) and further provided that, because the parties had agreed on the amount of fees through January 21, 2000, the evidentiary hearing scheduled before the undersigned for February 1, 2000 was rendered unnecessary (Doc. #76).

3

Court to conclude that the original fee award was so large as to preclude entitlement to any further fees. Thus, while the undersigned tends to agree that the original fee award of $44,594.77 was substantial, given the way in which this matter has progressed, the undersigned declines to recommend outright denial of any further fees.

Therefore, the Court will look at the request for additional fees using the "lodestar" method of multiplying a reasonable hourly rate by a reasonable number of hours expended, which sum is then adjusted as necessary depending on the results obtained. ACLU of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Plaintiffs bear the burden of documenting the appropriate number of hours expended and hourly rates and must supply the Court "with specific and detailed evidence" to support their claim. Id.[3] Plaintiffs' counsel seeks an hourly rate of $250.00 an hour. Defendants object saying that this hourly rate "is too high given counsel's limited background in constitutional and civil rights litigation. It should be $175.00 per hour at most." In the original fee application, plaintiff did file an affidavit of attorney Robert Warren attesting, without elaboration, that the hourly rate of $250.00 an hour was reasonable (Doc. #46). The affidavit of plaintiffs' counsel G. J. Rod Sullivan, Jr., dated November 30, 1998, also attached to the original fee application, states that Mr. Sullivan is a 13-year lawyer (as of 1998) and that he has approximately 7 years of experience in dealing with constitutional law issues. Though the affidavit does not specifically refer to a contingency agreement between counsel and plaintiffs, it does state

---

[3]At oral argument, both parties agreed that the Court cannot use the stipulation of the parties (which set the amount of the supplemental judgment) to learn anything about an appropriate reasonable hourly rate or number of hours expended because the stipulation represented a negotiated amount. Thus, the Court must consider those issues de novo.

4

that Mr. Sullivan took the Suliers' case "with the knowledge that I would not be paid for most, if not all of my time and expenses if we did not prevail." The affidavit further states that Mr. Sullivan's "current hourly rate for legal services in cases involving the protection of Constitutional rights is $250.00/hour." However, at the August 23, 2000 hearing, Mr. Sullivan said he has never actually been paid that hourly rate. Mr. Sullivan stated he had previously been involved in two significant constitutional cases: in one, his client was not the prevailing party; in other, he was awarded an attorneys' fee at a rate of $150.00 an hour. He also advised that his current billing rate which he actually collects from clients is $200.00 an hour. Finally, Mr. Sullivan proffered (without specific evidence) that there were other lawyers in this legal community who had been paid from between $250.00 and $300.00 an hour for constitutional litigation. The lawyers cited, Michael Sussman and William Sheppard, are both lawyers of considerably more experience than Mr. Sullivan in constitutional cases and who are both preeminent in their field.

In determining the reasonable hourly rate, the Court must determine "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Kay v. Apfel, 176 F.3d 1322, 1328 (11th Cir. 1999) (citations omitted). In reaching this determination, the Court "is entitled to consider its own knowledge and experience concerning reasonable and proper fees in determining the reasonable hourly rate." Id. (Internal quotes and citations omitted.)

The Court determines that a $200.00 an hour rate is appropriately applied here. The undersigned has not been presented by plaintiffs and is not personally aware of any civil rights awards of more than $200.00 an hour for an attorney of Mr. Sullivan's level of

that Mr. Sullivan took the Suliers' case "with the knowledge that I would not be paid for most, if not all of my time and expenses if we did not prevail." The affidavit further states that Mr. Sullivan's "current hourly rate for legal services in cases involving the protection of Constitutional rights is $250.00/hour." However, at the August 23, 2000 hearing, Mr. Sullivan said he has never actually been paid that hourly rate. Mr. Sullivan stated he had previously been involved in two significant constitutional cases: in one, his client was not the prevailing party; in other, he was awarded an attorneys' fee at a rate of $150.00 an hour. He also advised that his current billing rate which he actually collects from clients is $200.00 an hour. Finally, Mr. Sullivan proffered (without specific evidence) that there were other lawyers in this legal community who had been paid from between $250.00 and $300.00 an hour for constitutional litigation. The lawyers cited, Michael Sussman and William Sheppard, are both lawyers of considerably more experience than Mr. Sullivan in constitutional cases and who are both preeminent in their field.

In determining the reasonable hourly rate, the Court must determine "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Kay v. Apfel, 176 F.3d 1322, 1328 (11th Cir. 1999) (citations omitted). In reaching this determination, the Court "is entitled to consider its own knowledge and experience concerning reasonable and proper fees in determining the reasonable hourly rate." Id. (Internal quotes and citations omitted.)

The Court determines that a $200.00 an hour rate is appropriately applied here. The undersigned has not been presented by plaintiffs and is not personally aware of any civil rights awards of more than $200.00 an hour for an attorney of Mr. Sullivan's level of

experience. Moreover, while the "local market rate" is difficult to determine with precision, the Court notes that plaintiffs' counsel was awarded $150.00 an hour three years ago in a civil rights action and that the examples of attorneys who are awarded $250.00 to $300.00 an hour for civil rights work are those with more experience than plaintiffs' counsel. Thus, applying the limited evidence presented by plaintiffs and the Court's own knowledge and experience concerning a reasonable hourly rate, the Court determines that the appropriate rate is $200.00 an hour. The Court also recommends no lodestar adjustment to the $200.00 an hour fee. In considering the traditional 12 factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the undersigned finds that while several of the factors might lend toward an upward adjustment, other factors could likewise be considered a basis for a downward adjustment. The Court, therefore, recommends no lodestar adjustment from the $200.00 an hour rate.

Turning now to the amount of time claimed and considering defendants' specific objections thereto, the undersigned makes the following recommendations concerning the entries on plaintiffs' Exhibit A:

(a) The 3/10/00 2.0 hour entry should be disallowed because the obtaining of an additional affidavit of Lt. Buczkowski was unnecessary.

(b) The 3/27/00 3.0 hour entry should be disallowed because the undersigned had cited the Eisenberg v. Montgomery County case in his Report and Recommendation and there was no reason for the expenditure of this additional time.

(c) The 3/31/00 entry of 1.0 hour should be disallowed for the same reason as above.

(d) The 5/23/00 and 6/9/00 entries of 1.0 and .5 hours, respectively, should be disallowed because they were incurred in an attempt to settle the fees matter, but appear excessive in light of the other entries regarding attempted settlement.

(e) The 6/12/00 entry of 2.0 hours should be allowed in full as a reasonable expenditure of time in both trying to settle the matter and in drafting the instant motion and affidavit.

(f) The 7/5/00 entry of 1.5 hours regarding preparation of Motion to Dismiss the Appeal should be disallowed. Defendants' counsel stated that he advised plaintiffs' counsel that the Notice of Appeal had been filed "protectively" because of the ambiguity of the procedural posture created by Plaintiffs' Motion for Attorneys' Fees and there was no need to respond.

(g) All entries on plaintiffs' Exhibit A not specifically mentioned and which were not the subject of any objection by defendants should be allowed.

Therefore, subtracting the 9.0 disallowed hours from the total requested hours of 31.5 leaves 22.5 hours at the recommended hourly rate of $200.00 per hour for a total additional fee award of $4,500.00. See ACLU of Georgia v. Barnes, 168 F.3d at 428 (court must exercise "billing judgment" in deciding appropriate number of hours expended).

### Recommendation

For the reasons stated above, the undersigned recommends:

1. Plaintiffs' Motion for Attorneys' Fees Accrued From January 22, 2000 (Doc. #94) should be **GRANTED**.

2. Pursuant to Rule 59(e), Fed.R.Civ.P., the Court should amend its supplemental judgment entered May 31, 2000 to add an additional attorneys' fee award of

$4,500.00. No further fee claims should be allowed.

3. The Clerk should be instructed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, this _5th_ day of September, 2000.

TIMOTHY J. CORRIGAN
United States Magistrate Judge

Copies to:

Honorable Wm. Terrell Hodges
 United States District Judge
Counsel of Record